IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| In Re:<br><br>Christine DeReggi,<br><br>      Debtor. | Bk. No. 16-27020-WIL<br><br>Chapter 13<br><br>OBJECTIONS TO<br>PROPOSED CHAPTER 13 PLAN<br>AND CONFIRMATION THEREOF<br><br>Confirmation Hearing –<br>Date:  March 21, 2017<br>Time: 2:00 PM<br>Place: U.S. Bankruptcy Court<br>      6500 Cherrywood Lane<br>      Courtroom 3−C<br>      Greenbelt, MD |

Capital One, N.A., secured creditor in the above-entitled Bankruptcy proceeding, its assignees and/or successors in interest ("Secured Creditor"), holds the senior lien on the subject property generally described as **20714 Slidell Road, Boyds, MD 20841** ("Property"), and hereby submits the following objections to the confirmation of that certain Chapter 13 Plan (the "Plan") proposed by Debtor:

<u>LACK OF ADEQUATE FUNDING</u>

The Proof of Claim to be filed by this creditor establishes prepetition arrearages in the amount of $216,752.74, not $175,000.00 as provided for in the Plan.  Accordingly, even if all payments are tendered pursuant to the Plan, they will not be sufficient to satisfy Secured Creditor's claim in full. Thus, the Plan does not provide adequate protection of Secured Creditor's interests as required by 11 U.S.C. §361, and does not meet the "feasibility" requirement of 11 U.S.C. §1325(a)(6)

1

## FEASIBILITY

Section 1325(a)(6) states that the court shall confirm a plan if the debtor will be able to make all payments under the plan and to comply with the plan. Debtor cannot demonstrate that she is able to make any payments under the Plan because Debtor has no disposable income. The monthly net income from Schedule I and J is $-572.16 and yet the Plan proposes that Debtor pays $1000.00 per month for 12 months and $4,100.00 per month for 48 months.

Therefore, the Plan is not feasible and confirmation of the Plan should be denied.

## DEBTOR CANNOT REORGANIZE DEBT SECURED BY THE SPOUSE'S SEPARATE PROPERTY

Secured Creditor is not a creditor of Debtor and cannot be bound by any confirmation order entered in this case. Section 1327(a) of the Bankruptcy Code provides that "[t]he provisions of a confirmed plan bind the Debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." A "creditor" is "an entity that has a claim against the debtor, the estate, or the community. 11 U.S.C. § 101(10).

Secured Creditor does not have a claim against the Debtor as the Debtor is not an obligor under the Promissory Note. Further, because the Subject Property is titled solely in Borrower's name as his separate property, the Subject Property is not part of the estate. See *In re Fadel*, 492 B.R. 1 (9th Cir. B.A.P. 2013)(holding that spouse took title to real property acquired during marriage as a married man in his sole and separate capacity was sufficient to rebut any community property presumption, and to prevent property from entering Chapter 13 estate).

Only a right lost by a <u>debtor</u> may be cured and a debtor may not cure someone else's default under a contract. <u>See, e.g.</u>, <u>In re Parks</u>, 227 B.R. 20, 23 (Bankr. W.D.N.Y 1998) ("Debtor

2

may not 'cure' someone else's defaults under a contract to which he was neither a party nor a third-party beneficiary"); In re Kizelnik, 190 B.R. 171 (Bankr. S.D.N.Y. 1995) (Non-obligor debtor did not have the right to de-accelerate and cure the obligors' defaulted mortgage or to invoke the automatic stay to preclude lender from foreclosing); In re Mitchell, 184 B.R. 757 (Court would not impose debtor-creditor relationship on lender) (Bankr. C.D. Ill. 1994); In re Wilkinson, 99 B.R. 366 (Bankr. N.D. Ohio 1989) (Court found that debtors not personally liable on the mortgage could not cure default on the mortgage through the plan); In re Jones, 98 B.R. 757 (Bankr. N.D. Ohio 1989) (Debtor not liable on mortgage was not permitted to cure mortgage default through plan); In re Taylor, 96 B.R. 584 (Bankr. E.D. Pa. 1989) (Debtor not permitted to cure mortgage through plan where no debtor-creditor relationship existed between the lender and the debtor); cf. In re Everhart, 87 B.R. 35 (Bankr. N.D. Ohio 1988) (Court found equitable exception to general rule that non-obligor cannot cure default where non-obligor had already substantially paid in full balance of note prior to lender's assertion that lender was not a creditor of the debtor); In re Kelly, 67 B.R. 508 (Bankr. S.D. Miss. 1986) (Court found that, because there was no debtor-creditor relationship between debtor and lender where debtor was a non-obligor, debtor could not cure the mortgage default and lender was not bound by the terms of the confirmed plan).

As the above authority explains, the Debtor may not reorganize a debt where she does not have any personal obligation on that debt. Secured Creditor is not a creditor in this case, nor is the Subject Property part of the bankruptcy estate because Debtor is not a legal title owner of the Subject Property. Accordingly, there is no automatic stay as to the Subject Property, and Secured Creditor objects to any confirmation of any Chapter 13 Plan which seeks to modify Secured Creditor's rights against the Subject Property and/or impose the automatic stay as to the Secured Creditor is this case.

## CONCLUSION

3

Any Chapter 13 Plan proposed by Debtor must eliminate the objections specified above in order to qualify for confirmation. It is respectfully requested that confirmation of the Chapter 13 Plan as proposed by Debtor, be denied.

WHEREFORE, secured creditor prays as follows:

(1) That confirmation of the proposed Chapter 13 Plan be denied.

(2) That confirmation of the proposed Chapter 13 Plan be continued until after this secured creditor's trial/hearing date.

(3) For such other relief as this Court deems proper.

Dated: March 9, 2017

The Law Office of Lisa M. Goldblatt
/s/ Lisa M. Goldblatt
Lisa M. Goldblatt, Esquire (17056)
3545 Ellicott Mills Drive
Ellicott City, MD 21043
(443) 574-5037 (office)
(443) 303-8181 (fax)
lisa@lisamgoldblatt.com
Retained Counsel for Secured Creditor
C.270-269.NF

    I HEREBY CERTIFY that on this 9th day of July, 2017, a copy of the foregoing Objections to Debtor's Proposed Chapter 13 Plan and Confirmation Thereof was mailed, or sent via electronic notification to:

    Christine DeReggi, Debtor
    15445 Barnesville Road
    Boyds, MD 20841

    Seth W Diamond, Esquire
    The Diamond Law Group, LLC
    8613 Cedar Street
    Second Floor
    Silver Spring, MD 20910

    Timothy P. Branigan, Trustee
    14502 Greenview Drive Suite 506
    Laurel, MD 20708

Dated: March 9, 2017                        The Law Office of Lisa M. Goldblatt

                                              /s/ Lisa M. Goldblatt
                                              Lisa M. Goldblatt, Esquire (17056)
                                              3545 Ellicott Mills Drive
                                              Ellicott City, MD 21043
                                              (443) 574-5037 (office)
                                              (443) 303-8181 (fax)
                                              lisa@lisamgoldblatt.com
                                              Retained Counsel for Secured Creditor
                                              C.270-269.NF